Landon, J.
The covenant of the bond executed by the *313 defendants was that they -should pay the plaintiff the $6,000; if said attachment shall be held invalid to hold said sum of $6,000. The referee held in this action, without any evidence that it had been so held in the action of Smith v. Eaton that the attachment was invalid to hold said sum, and, therefore, held that the plaintiff was entitled to recover.
The covenant was not to pay if the attachment was in fact invalid, etc., but if it should be held invalid. The plaintiff must show covenant broken at the time of the commencement of the action, and it had not then been so held. Besides the plain meaning of the covenant was to pay if the attachment should be held invalid, etc., in the action in which the attachment was issued. The bond recited that the attachment was issued in the action of Smith v. Eaton in the state court. Whether the attachment was valid or not, or operated as a lien upon any part of purchase price of the Mexican bonds, or could in any way prejudice the defendants, was a question which the defendants suggested in the proceeding in the XT. S. district court. That court could not decide the question, as the attachment had been issued in another action in the state court; but the district court it seems had the control of the custody of the Mexican bonds in the hands of its officer, the assignee in bankruptcy of the Engraving company. The District court thought it right to cause the Mexican bonds to be delivered to the defendants who held the contract or option for their purchase. The defendants were willing upon obtaining these bonds to pay for them, but since some attempt had been made by Smith in his suit against Eation to attach $6,000 of the price to be paid by the defendants, the defendants desired to be protected in their payment from liability to pay both the plaintiff and the attachment creditor of Eaton, plaintiff’s assignor. Hence, the bond in suit. The defendants entered into no engagement to pay if they could not sustain the attachment much less if they could not sustain it in a suit between themselves and this plaintiff. The plaintiff are mere stake holders, to abide the fate of the attachment in the suit of Smith v. Eaton. If it shall be held in that suit that the attachment is valid, the defendants must pay there. This judgment would be no defense to them, and paying here will be no escape from paying there.
The motion for a non-suit presented the whole question, and it should have been granted.
Judgment reversed, reference discharged, new trial . granted, costs to abide the event.
Learned, P. J., and Bocees, J., concur.